IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEVIN WAYNE LOOMIS, an individual, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-525-C |
| SPECIALIZED DESANDERS, INC., a corporation, and SPECIALIZED DESANDERS USA, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER AND OPINION

Now before the Court is Defendant Specialized Desanders USA, Inc.'s ("SDI USA") Motion to Dismiss (Dkt. No. 14). Plaintiff filed a Response to Defendant's Motion to Dismiss (Dkt. No. 16). Defendant filed a Reply (Dkt. No. 17) and the Motion is now at issue.

## I. Background

On April 17, 2018, Plaintiff Devin Wayne Loomis initiated this action in the district court of Kingfisher County, Oklahoma. Defendant Specialized Desanders, Inc. ("SDI") removed to this Court. Plaintiff has filed an Amended Complaint (Dkt. No. 13) that also names Defendant SDI USA. On June 10, 2017, Loomis was injured on the Privott 17 well located in Kingfisher County. Loomis was operating a desander unit and was injured while "attempting to blow the pressure down off a desander when a threaded nipple on the desander dislodged causing a sudden release of pressure." (Pl.'s Resp., Dkt. No. 16, p. 1.) At the time of his injury, Loomis was using a desander unit that was designed, fabricated, and manufactured by

SDI.  SDI USA leased the desander unit to Plaintiff's employer.*  As a result of the accident, Loomis alleges he suffered serious and permanent injuries and asserts products liability and negligence causes of action against SDI and SDI USA.

## II.  Standard

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss.  Id.  Thus, the starting point in resolving the Motions is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss.  The Court will accept all well-pleaded factual allegations in the Amended Complaint as true and construe them in the light most favorable to the nonmoving party.  Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010).  However, conclusory allegations need not be accepted as true.  Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

## III.  Discussion

A.  Products Liability

"A plaintiff injured by a defective product can utilize various theories to recover for injuries caused by the product.  A product liability action may be based on a theory of

---

* Plaintiff's employer is not named in this action.

negligence liability or strict products liability." Honeywell v. GADA Builders, Inc., 2012 OK CIV APP 11, ¶ 24, 271 P.3d 88, 96. "Oklahoma courts have applied manufacturers' product liability to various members of the manufacturer's marketing chain, including retailers, dealers or distributor, importers and lessors." Von Downum v. Synthes, 908 F.Supp.2d 1179, 1182 (N.D. Okla. 2012) (citing Allenberg v. Bentley Hedges Travel, 22 P.3d 223, 227-28 (Okla. 2001)); see also Kirkland v. General Motors Corp., 1974 OK 52, ¶ 21, 521 P.2d 1353, 1361 (recognizing a cause of action for "processors, assemblers, and all other persons who are similarly situated in processing and distribution."). Generally, "[m]iddlemen in the chain of distribution are subject to strict products liability." Honeywell, 2012 OK CIV APP 11, ¶ 17, 271 P.3d at 94-95. However, the Oklahoma legislature, in an effort to limit the liability of non-manufacturers, passed the following statute:

> No product liability action may be asserted against a product seller other than the manufacturer, unless:
> 1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or
> 2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or
> 3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or
> 4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or
> 5. The manufacturer is not subject to service of process under the laws of the state; or
> 6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

76 Okla. Stat. § 57.2(E).

Defendant SDI USA argues for dismissal because it is not the product manufacturer and thus "is subject to protection against suit pursuant to the innocent seller statute of Oklahoma's Products Liability Act, 76 Okla. Stat. § 57.2(E)." (Def.'s Mot., Dkt. 14, p. 2.) Defendant SDI USA also argues that "[t]here is no allegation . . . that SDI USA exerted substantial control over the design, testing, manufacture, packaging or labeling of the Unit or that it altered or modified the Unit." (Def.'s Mot., Dkt. No. 14, p. 3.) And Defendant SDI USA states there was no allegation that it "made any express warranty as to the [desander] independent from any manufacturer's warranty." (Def.'s Mot., Dkt. No. 14, pp. 3-4.) In sum, Defendant SDI USA's argument is that Plaintiff has not alleged, with sufficient particularity, or at all, that Defendant falls within one of the six exceptions listed in 76 Okla. Stat. § 57.2(E).

Plaintiff argues that "[12 Okla. Stat. § 832.1(A)] and [76 Okla. Stat. § 57.2] address the same subject matter. . . . As such it is presumed that enactment of section 57.2 was not intended to repeal section 832." (Pl.'s Resp., Dkt. No. 16, p. 6.) Plaintiff argues that to "accept the validity of [SDI USA's] argument [this court] would have to deem [12 Okla. Stat. § 832], allowing such suits against non-manufacturers, to have been repealed by [76 Okla. Stat. § 57.2]" (Pl.'s Resp., Dkt. No. 16, p. 8.) This Court does not find that argument persuasive. Plaintiff also argues that, if Defendant SDI USA is not held responsible under 76 Okla. Stat. § 57.2, then the claimant now carries the entire risk of the manufacturer's subsequent insolvency. (Pl.'s Resp., Dkt. No. 16, p. 9.) Plaintiff also argues that the exceptions put forth under 76 Okla. Stat. § 57.2 are "fact intensive and may not be capable of determination except by a full-fledged trial." (Pl.'s Resp., Dkt. No. 16, p. 7.)

Plaintiff's sole description of his products liability claim is: "The desander as manufactured, sold, distributed and leased by the defendants was defective and unreasonably

4

dangerous and defendants should be held liable under the doctrine of manufacturers product liability." (Am. Compl., Dkt. No. 13, p. 2.) However, Plaintiff has not alleged sufficient facts regarding SDI USA's conduct to remove the protections of 76 Okla. Stat. § 57.2(E). Defendant's motion to dismiss, as to Plaintiff's product liability claim, is granted.

B. Negligence

Next, this Court will address Plaintiff's negligence claims. "Even with the advent of strict products liability, the negligence cause of action remains available to a plaintiff injured by a defective product." Honeywell, 2012 OK CIV APP 11, ¶ 24, 271 P.3d 88, 96. The elements of negligence are: "first, that the defendant had a duty to protect the plaintiff from injury; second, that the defendant failed to properly exercise or perform that duty, and third, that the defendant's failure to properly exercise or perform that duty caused the plaintiff's injury." Jones v. Mercy Health Ctr., Inc., 2006 OK 83, ¶ 12, 155 P.3d 9, 13 (citing Akin v. Mo. Pac. R.R. Co., 1998 OK 102, ¶ 36, 977 P.2d 1040, 1054). "Under a negligence theory of recovery, a seller or supplier of a product has a duty to use reasonable care to provide adequate warnings or instructions to avoid injury to a foreseeable plaintiff." Swift v. Serv. Chem., Inc., 2013 OK CIV APP 88, ¶ 24, 310 P.3d 1127, 1133. "Whether a duty of care exists in a particular case is a question of law for the court to determine." Id.

Oklahoma law codifies the duties of a product seller, other than a manufacturer, stated as follows:

> A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
>     1. The product seller sold the product involved in such action;
>     2. The product seller did not exercise reasonable care:
>         a. in assembling, inspecting, or maintaining such product, or

> b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
>
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

76 Okla. Stat. § 57.2(G). Plaintiff describes Defendant SDI and Defendant SDI USA's negligence as: "The desander was negligently designed and distributed with an unsafe and defective threaded nipple, causing the [desander] to fail and injure Plaintiff." (Am. Compl., Dkt. No. 13, p. 2.) Plaintiff has alleged sufficient facts regarding SDI USA's conduct to allege that SDI USA had a duty to Plaintiff, breached that duty, and as a result, Plaintiff was injured. Defendant's motion to dismiss is denied with regard to Plaintiff's negligence claim.

## CONCLUSION

For the reasons stated above, Defendant Specialized Desanders USA, Inc.'s Motion to Dismiss (Dkt. No. 14) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 12th day of September, 2018.

_____
ROBIN J. CAUTHRON
United States District Judge