# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEVIN WAYNE LOOMIS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, as subrogee of Falcon Flowback Services, LLC, | ) |
| | ) |
| Intervening Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-18-00525-PRW |
| | ) |
| SPECIALIZED DESANDERS, INC., a corporation, and SPECIALIZED DESANDERS USA, INC., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Travelers Indemnity Company of America ("Travelers") has filed an *Unopposed* Motion for Leave to Intervene as Plaintiff (Dkt. 34). Travelers seeks to intervene as a matter of right pursuant to Rule 24 of the Federal Rules of Civil Procedure due to it having paid workers' compensation benefits to, or on behalf of, the Plaintiff as a result of the accident underlying Plaintiff's claims in this case.

Rule 24(a)(2) provides:

**(a)** **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

1

. . . .

> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2) thus requires intervention if (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interests may be impaired or impeded; and (4) the movant's interest is [not] adequately represented by existing parties.[1]

The Court finds that intervention as of right is warranted. Section 43(B) of the Oklahoma Administrative Workers' Compensation Act governs the subrogation rights of an employer and its workers' compensation carrier, stating that "[a]n employer or carrier liable for compensation under this act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death" for the subrogation interest.[2] "If subrogated, a compensation insurer may intervene in an action against a third party tort-feasor as a matter of right under Fed. Rules Civ. Proc. Rule 24(a)."[3] Thus, Travelers has satisfied the last three requirements of Rule

---

[1] *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (alteration in original) (quoting *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001)).

[2] Okla. Stat. tit. 85A, § 43(B)(1) (Supp. 2017).

[3] *Black v. Tex. Emp'rs Ins. Ass'n*, 326 F.2d 603, 604 (10th Cir. 1964) (citing *Kelley v. Summers*, 210 F.2d 665, 673 (10th Cir. 1954)); *accord, e.g.*, *Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 784 (8th Cir. 1985); *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1114–15 (5th Cir. 1970).

24(a)(2). There is no indication that Travelers' motion is untimely; therefore the first requirement of Rule 24(a)(2) is also met.

Upon review of the motion, the Court hereby **GRANTS** Travelers' *Unopposed* Motion for Leave to Intervene as Plaintiff (Dkt. 34). Travelers shall file its Complaint in Intervention within 15 days of the date this Order is filed.

**IT IS SO ORDERED this 5th day of June, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE